```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| LARHONDA JONES, o/b/o D.J., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:16CV135 HEA |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

This matter is before the Court on plaintiff's appeal of an adverse determination by the Social Security Administration.

The Social Security Administration denied plaintiff LaRhonda Jones' application for Supplemental Security Income (SSI) filed on behalf of her son, D.J., pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq., in which plaintiff claimed D.J. became disabled in 2006. Previous applications for SSI filed by plaintiff on behalf of D.J. were denied by the Social Security Administration. Oral hearings were held before an Administrative Law Judge (ALJ) on November 20, 2013 and April 9, 2014. Testimony was heard from LaRhonda Jones, D.J and Dr. Reid, a medical expert.

On May 2, 2014, the ALJ denied plaintiff's claim for benefits finding D.J.'s severe impairments of attention deficit hyperactivity disorder (ADHD) and chronic otitis media not to cause limitations which would render him disabled. On

December 14, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-5.) The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

Plaintiff now seeks judicial review of the Commissioner's final decision arguing that the ALJ failed to follow the directives in the Order and Judgment of this Court regarding D.J's diagnosis of pervasive development disorder, (PDD).

The ALJ found D.J. to be a school-aged child and not to have engaged in substantial gainful activity at any time relevant to the decision. The ALJ found D.J.'s impairments of ADHD and chronic otitis media to be severe. The ALJ found, however, that D.J. did not have an impairment or combination of impairments that met or medically equaled the severity of Listing 102.10 (Hearing Loss) or Listing 112.11 (ADHD). The ALJ also found that D.J. did not have an impairment or combination of impairments that functionally equaled the Listings. The ALJ thus determined D.J. not to have been disabled at any time since the filing of the application.

## Discussion

A claimant under the age of eighteen is considered disabled and eligible for SSI under the Social Security Act if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). With respect to determining the disability of a child-claimant, "the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual." 42 U.S.C. § 1382c(a)(3)(I).

The Commissioner is required to undergo a three-step sequential evaluation process when determining whether a child is entitled to SSI benefits. First, the Commissioner must determine whether the child is engaged in substantial gainful activity. If not, the Commissioner must then determine whether the child's impairment, or combination of impairments, is severe. Finally, if the child's impairment(s) is severe, the Commissioner must determine whether such impairment(s) meets, medically equals or functionally equals the severity of an impairment listed in Appendix 1 of Subpart P of Part 404 of the Regulations. 20 C.F.R. § 416.924(a); *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 647 (8th Cir. 2004). If the impairment(s) meets or medically equals a Listing, the child is disabled. *Garrett*, 366 F.3d at 647. If a child's impairment does not meet or medically equal a listed impairment, the Commissioner will assess all functional

limitations caused by the child's impairment to determine whether the impairment functionally equals the Listings. 20 C.F.R. § 416.926a.

To functionally equal a listed impairment, the child's condition must result in an "extreme" limitation of functioning in one broad area of functioning, or "marked" limitations of functioning in two broad areas of functioning. 20 C.F.R. § 416.926a(a). The domains are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1).

The six domains used by the Commissioner in making such a determination are: 1) Acquiring and Using Information; 2) Attending and Completing Tasks; 3) Interacting and Relating with Others; 4) Moving About and Manipulating Objects; 5) Caring for Oneself; and 6) Health and Physical Well-Being. *Id*. If this analysis shows the child not to have an impairment which is functionally equal in severity to a listed impairment, the ALJ must find the child not disabled. *Oberts o/b/o Oberts v. Halter*, 134 F. Supp. 2d 1074, 1082 (E.D. Mo. 2001). The Commissioner's findings are conclusive upon this Court if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Young v. Shalala*, 52 F.3d 200 (8th Cir. 1995) (citing Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). In evaluating the substantiality of the evidence, the Court must

consider evidence which supports the Commissioner's decision as well as any evidence which fairly detracts from the decision. *Id*. Where substantial evidence supports the Commissioner's decision, the decision may not be reversed merely because substantial evidence may support a different outcome. *Id*.

In this case, plaintiff claims that the ALJ's decision was in error because he did not find D. J.'s PDD a medically determinable impairment. When determining functional limitations, 20 C.F.R. § 416 .926a(a) provides that where a severe impairment or combination of impairments does not meet or medically equal any listing, the limitations will "functionally equal the listings" when the impairment(s) "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." The ALJ considers how a plaintiff functions in activities in the following six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating to others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). An impairment(s) is of listing-level severity if a plaintiff has "marked" limitations in two of the domains in paragraph (b)(1) or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). *Patrick v. Astrue,* No. 4:08CV255-DJS, 2009 WL 2487131, at *6 (E.D. Mo. Aug. 13, 2009).

Plaintiff argues that the ALJ did not properly consider the evidence before him, rather he relied on the testimony of James Reid, Ph.D. who testified that he was uncomfortable with the PDD diagnosis, but found that D.J. suffered from a behavior disorder.

The ALJ specifically details his reasoning for crediting Dr. Reid's testimony. Dr. Reid noted that none of the results of the studies from TouchPoint were reported to D. J's school. Likewise, there is no evidence to establish that treatment was pursued after it was suggested that he suffered from PDD.

While the ALJ should consider "other medical sources," the ALJ in this case thoroughly discussed his reasons for his determination that the PDD diagnosis did not rise to the level of a functionally equivalent listing. While the non-physician speech pathologist and the Judavine personnel's findings were considered, the ALJ adeptly noted that their backgrounds did not qualify them for making a medical/psychological diagnosis. Likewise, the ALJ considered the fact that much of the information relied on by the speech pathologist and the Judavine person relied significantly on D.J.'s mother's input.

Regarding the teacher questionnaires, the ALJ specifically articulated his reasons for discounting them; they were inconsistent with each other, indicating that the value of same was not helpful.

To be considered disabled and eligible for SSI benefits, a child-claimant must have a medically determinable impairment that is severe. 20 C.F.R. §§ 416.906, 416.924(c). A "medically determinable impairment" must "result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques[,]" and must be "established by medical evidence consisting of signs, symptoms, and laboratory findings[.]" 20 C.F.R. § 416.908. Subjective reports of symptoms alone do not establish an impairment. *Id*.

An ALJ's decision must be affirmed if the decision is supported by substantial evidence on the record as a whole. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The decision cannot be reversed because the record contains evidence that may support an opposite position. *Id.* The Court may not substitute its judgment for that of the ALJ. *Howe v. Astrue*, 499 F.3d 835, 839 (8th Cir. 2007).

The ALJ carefully and specifically addressed the issues found by Judge Buckles to be lacking in the previous decision. Each former error has been addressed and the ALJ articulated his reasons for discounting certain evidence, most of which was based on inconsistencies in the record before him.

**Conclusion**

For all of the foregoing reasons, the Commissioner's determination that D.J. was not under a disability is supported by substantial evidence on the record as a whole. As such, the determination satisfies the standards required and complies with the previous decision of Judge Buckles.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed.

A separate judgment in accordance with the Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE